IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KELLY TARRANT, ) | |
| ) | Case No.: 1:25-cv-014692 |
| Plaintiff, ) | |
| ) | Honorable Judge: |
| v. ) | |
| ) | |
| CHICAGO BOARD OF EDUCATION, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S NOTICE OF REMOVAL**

      Defendant, Chicago Board of Education ("Defendant"), by and through its undersigned counsel, hereby submits this Notice of Removal, pursuant to 28 U.S.C. §§ 1441 and 1446, to remove the above-entitled action from the Circuit Court of Cook County, Illinois, which has been pending as 2025-L-013115 (the "State Court Action"), to the United States District Court for the Northern District of Illinois, Eastern Division. In support of this Notice of Removal, Defendant states as follows:

      1.     On October 21, 2025, Plaintiff Kelly Tarrant ("Plaintiff") filed a Complaint against Defendant in the Circuit Court of Cook County, Illinois, Law Division ("Complaint").

      2.     On October 22, 2025, the summons was issued in this matter, and the Complaint was served on Defendant on November 7, 2025. In accordance with 28 U.S.C. § 1446(a), copies of the service documents, the Summons, and Complaint filed in the State Court Action are attached as Exhibit A.

      3.     The Complaint is the first pleading from which Defendant could ascertain that the State Court Action is subject to removal.

      4.     The Complaint contains five counts. For Counts III and IV, Plaintiff alleges that Defendant violated the anti-discrimination and anti-retaliation provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq* ("Title VII"). For Count V, Plaintiff alleges that

Defendant violated, *inter alia,* the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq*. ("ADEA"). Thus, Plaintiff's Complaint creates a federal question. *See Kampinen v. Securitas Sec. Servs. USA*, No. 16 CV 4335, 2016 U.S. Dist. LEXIS 94373, at *3-4 (N.D. Ill. June 20, 2016) (holding that claims arising under Title VII suffices to support removal and removal of such claims were proper); *see also Leghorn v. Kraft, Inc.* No. 83 C 5690, 1983 U.S. Dist. LEXIS 13077, at *2 (N.D. Ill. Oct. 4, 1983) (holding that claims under the ADEA are removable and that the defendant's removal of the plaintiff's ADEA claim was proper). Accordingly, this action is one over which this Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1331, and this action is removable pursuant to 28 U.S.C. § 1441(a).

5. Additionally, Count I alleges violations of the Illinois Whistleblower Act, 740 ILCS 174/1, *et seq*. ("IWA"), Count II is a Common Law Retaliatory Discharge claim, and Count V alleges violations of the Illinois Human Rights Act, 775 ILCS 5/1, *et seq*., in addition to the ADEA. This Court has supplemental jurisdiction over those state law claims by virtue of 28 U.S.C. § 1367(a), and removal from the Circuit Court to this Court is, therefore, proper under 28 U.S.C. § 1446. *See Rufus v. City of Chi.*, 2018 U.S. Dist. LEXIS 67440, at *12-13 (N.D. Ill. Apr. 23, 2018) (exercising supplemental jurisdiction over the plaintiff's IWA claim); *see also Levin v. Altisource Sols., Inc.*, 755 F. Supp. 3d 1021, 1044 (N.D. Ill. 2024) (finding that the court has supplemental jurisdiction over IWA and Illinois common law retaliatory discharge claims).

6. Removal to the Northern District of Illinois, Eastern Division is proper because this District and Division embraces Cook County, Illinois, where the State Court Action was filed.

7. This Notice of Removal is being filed within thirty (30) days of Defendant's receipt of the Complaint and thus is timely filed under 28 U.S.C. § 1446(b).

8. Pursuant to 28 U.S.C. § 1446(d), Defendant will give written notice of this filing to Plaintiff and shall serve a copy of this Notice with the Clerk of the Circuit Court of Cook County, Illinois, Law Division, thereby effectuating removal of the State Court Action to this Court.

9. Nothing in this Notice of Removal is intended or should be construed as any type of express or implied admission by Defendant of any fact alleged by Plaintiff, of the validity or merits of any of Plaintiff's allegations, or of any liability for the same, each of which are hereby expressly denied, or as any type of express or implied waiver or limitation of any of Defendant's rights, claims, remedies, and defenses in connection with this action, all of which are hereby expressly reserved. Further, by filing this Notice of Removal, Defendant does not intend to waive, and hereby reserves, any objection as to service, personal jurisdiction, and all other procedural and substantive defenses which are available to it.

WHEREFORE, Defendant, Chicago Board of Education, respectfully requests that the above-captioned action now pending in Circuit Court of Cook County, Illinois, Law Division be removed to the United States District Court for the Northern District of Illinois, Eastern Division.

Dated: December 3, 2025

Respectfully submitted,

CHICAGO BOARD OF EDUCATION

By: /s/ *David V. Cascio*
     One of its Attorneys

David V. Cascio (ARDC #6308720)
Megan M. Wilkes (ARDC # 6317238)
Laner Muchin, Ltd.
515 N. State Street, Suite 2400
Chicago, Illinois 60654
Phone: (312) 467-9800
Fax: (312) 467-9479
*dcascio@lanerlaw.com*
*mwilkes@lanerlaw.com*

*Attorneys for Defendant, Chicago Board of Education*

## CERTIFICATE OF SERVICE

    David V. Cascio, an attorney, hereby certifies that on December 3, 2025, he filed the foregoing Notice of Removal electronically in the above-captioned matter, using the Court's CM/ECF System, which will generate notice of this filing to all counsel of record and served via electronic mail, at the address listed below:

        Anthony J. Peraica
        Anthony J. Peraica & Associates, Ltd.
        Attorneys for Plaintiff
        5130 S. Archer Avenue
        Chicago, Illinois 60632
        *support@peraica.com*

        /s/ *David V. Cascio*