**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| KELLY TARRANT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2025 CV 14692 |
| | ) |
| CHICAGO BOARD OF EDUCATION, | ) Hon. Sharon Johnson Coleman |
| | ) |
| Defendant. | ) |

**DEFENDANT'S MOTION TO STRIKE PARAGRAPH NOS. 53-72, 75, 88, AND 95 OF PLAINTIFF'S AMENDED COMPLAINT (DOC. #17) AND TO SEAL PLAINTIFF'S COMPLAINT (DOC. # 1-1)**

Defendant, Chicago Board of Education ("Defendant" or the "Board"), by and through its attorneys, herein moves this Court, pursuant to Rule 12(f) and/or Local Rule 26.2(b), to: (1) strike Paragraph Nos. 53 to 73, 75, 88, and 95 of Plaintiff's Amended Complaint (Doc. #17) and direct Plaintiff to refile the Amended Complaint without those paragraphs; remove Docket No. 17 from the docket; and to seal Plaintiff's original Complaint (Doc. #1-1). To the extent that the paragraphs are not stricken from the Amended Complaint, Defendant respectfully requests that both Plaintiff's Amended and original Complaints be placed under seal. In summary, Plaintiff's Complaint (Doc. # 1-1) and Plaintiff's Amended Complaint (Doc. # 17) contain confidential information, which is privileged and/or protected by the investigatory privilege, deliberative process privilege, and/or the work-product doctrine, and such information is not material or pertinent to Plaintiff's claims. In support of this Motion, Defendant states as follows:

1. "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Rule 12(f).

2. For example, when a complaint refers to privileged/protected information, it may be stricken from the pleading. *See Sims v. Roux Labs,* No. 06-10454, 2007 U.S. District LEXIS

1

65331, at *1 (E.D. La. Aug. 31, 2007) ("[W]hen considering a motion to strike, those portions of a complaint that makes use of privileged communications may be removed from the complaint."); *Shakima O. v. Westchester Cnty.*, No. 12 CV 9468, 2014 U.S. Dist. LEXIS 18644, at *5-7 (S.D.N.Y. Feb. 10, 2014) (striking privileged material).

3. Here, Paragraph Nos. 53 to 73, 75, 88, and 95 of Plaintiff's Amended Complaint contain confidential information related to an *ongoing* internal investigation within Defendant—specifically, the Chicago Public Schools—regarding employee misconduct, which is privileged/protected under the investigatory privilege, deliberative process privilege, and/or the work-product doctrine. *See Williams v. City of Chi.*, 672 F. Supp. 3d 599, 609 (N.D. Ill. 2023) (applying the investigatory privilege to civil investigations, "such as internal investigations of employee misconduct"); *Sandra T.E. v. S. Berwyn Sch. Dist. 100*, 600 F.3d 612, 618, 621-22 (7th Cir. 2010) (the work-product doctrine protects from disclosure "documents prepared by attorneys in anticipation of litigation for the purpose of analyzing and preparing a client's case," as well as "an attorney's though in which attorneys may piggyback on the fact-finding investigation on their more diligent counterparts."); *United States v. Farley*, 11 F.3d 1385, 1389 (7th Cir. 1993) (stating that the federal common law deliberative process privilege protects communications that are part of a government agency's decision-making process so long as those communications are both "pre-decisional" and "deliberative").

4. Moreover, Board Rule 4-4 and Defendant's Code of Ethics require that such information remain confidential, and this confidential information has no bearing on any of the claims asserted by Plaintiff, nor are they material or pertinent to any of the elements of Plaintiff's claims.

5. Therefore, Paragraph Nos. 53 to 73, 75, 88, and 95 of Plaintiff's Amended Complaint should be stricken, the Amended Complaint (Doc. #17) should be removed from the docket, and Plaintiff should be directed to refile the Amended Complaint without the stricken paragraphs.

5. In addition, because Plaintiff's Complaint (Doc. # 1) and Amended Complaint (Doc. # 17) (to the extent the identified paragraphs are not stricken and/or the Amended Complaint is not removed from the docket, as requested) contain confidential information, which is privileged/protected by the investigatory privilege, deliberative process privilege, and/or attorney-work product doctrine, good cause exists for Plaintiff's Complaint (Doc. # 1-1) and Plaintiff's Amended Complaint (Doc. # 17) to be placed under seal.

6. Local Rule 26.2 provides that a:

> **(b) Sealing Order.** The court may for good cause shown enter an order directing that one or more documents be filed under seal. No attorney or party may file a document under seal without order of court specifying the document or portion of a document that may be filed under seal, except that a document may provisionally be filed under seal pursuant to subsection (c) below.

N.D. Ill. L. R. 26.2(b).

7. Plaintiff's Complaint (Doc. # 1-1) and Plaintiff's Amended Complaint (Doc. # 17) contain confidential and privilege/protected information and the information at issue is not public information, good cause exists for the Court to place them under seal.

8. Therefore, Plaintiff's Complaint (Doc. # 1-1) should be placed under seal; and, to the extent that Paragraph Nos. 53 to 73, 88, 75, and 95 of Plaintiff's Amended Complaint are not stricken and/or Docket No. 17 is not removed from the docket, as requested, Plaintiff's Amended Complaint (Doc. # 17) should also be placed under seal.

9. Defense counsel conferred with Plaintiff's counsel regarding this Motion, and Plaintiff's counsel advised that Plaintiff refused to withdraw Paragraph Nos. 53 to 73, 88, 75, and 95 of her Amended Complaint and will not agree to seal her Complaint (Doc. # 1-1) or seal her Amended Complaint (Doc. # 17).

WHEREFORE, Defendant, Chicago Board of Education, respectfully requests that this Honorable Court strike Paragraph Nos. 53 to 73, 75, 88, and 95 of Plaintiff's Amended Complaint, remove the Amended Complaint (Doc. #17) from the docket and direct Plaintiff to refile her amended complaint without the stricken paragraphs, and seal Plaintiff's Complaint (Doc. # 1-1); and, to the extent that Paragraph Nos. 53 to 73, 88, and 95 of Plaintiff's Amended Complaint are not stricken and/or the Amended Complaint is not removed from the docket, seal Plaintiff's Amended Complaint (Doc. # 17) as well, and grant such other and further relief as the Court deems just and proper.

Dated: January 30, 2026

CHICAGO BOARD OF EDUCATION,
Defendant

By:  /s/ David V. Cascio
David V. Cascio
One of Its Attorneys

David V. Cascio
LANER MUCHIN, LTD.
515 North State Street, Suite 2400
Chicago, IL 60654
(312) 467-9800 / (312) 467-9429 (fax)
Attorney for Defendant Chicago Board of Education

4

## **CERTIFICATE OF SERVICE**

David V. Cascio, an attorney, hereby certifies that he caused the foregoing Motion to Strike and Seal in the above-captioned matter to be served via the electronic filing system to the Clerk of the Court to the parties of record listed below, on this 30th day of January 2026:

Stephen F. Boulton
Anthony J. Peraica & Associates, Ltd.
5130 South Archer Avenue
Chicago IL  60632
(773) 735-1700

/s/ David V. Cascio
David V. Cascio