UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KELLY TARRANT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2025 CV 14692 |
| ) | |
| CHICAGO BOARD OF EDUCATION, ) | Hon. Sharon Johnson Coleman |
| ) | |
| Defendant. ) | |

**DEFENDANT'S MOTION TO SEAL**
**AMENDED ANSWER AND AFFIMATIVE DEFENSES**

Defendant, Chicago Board of Education ("Defendant" or the "Board"), by and through its attorneys, herein moves this Court, pursuant to Local Rule 26.2(b), to seal its Amended Answer and Affirmative Defenses under seal. In summary, Defendant's Amended Answer and Affirmative Defenses contain confidential information, which is privileged and/or protected by the investigatory privilege, deliberative process privilege, and/or the work-product doctrine. In support of this Motion, Defendant states as follows:

1. Paragraph Nos. 53 to 72, 75, 88, and 95 of Plaintiff's Amended Complaint contain confidential information related to an *ongoing* internal investigation within Defendant—specifically, the Chicago Public Schools—regarding employee misconduct, which is privileged/protected under the investigatory privilege, deliberative process privilege, and/or the work-product doctrine. *See Williams v. City of Chi.*, 672 F. Supp. 3d 599, 609 (N.D. Ill. 2023) (applying the investigatory privilege to civil investigations, "such as internal investigations of employee misconduct"); *Sandra T.E. v. S. Berwyn Sch. Dist. 100*, 600 F.3d 612, 618, 621-22 (7th Cir. 2010) (the work-product doctrine protects from disclosure "documents prepared by attorneys in anticipation of litigation for the purpose of analyzing and preparing a client's case," as well as "circumstances in which attorneys may piggyback on the fact-finding investigation on their more

1

diligent counterparts."); *United States v. Farley*, 11 F.3d 1385, 1389 (7th Cir. 1993) (stating that the federal common law deliberative process privilege protects communications that are part of a government agency's decision-making process so long as those communications are both "pre-decisional" and "deliberative").

2. Moreover, Board Rule 4-4 and Defendant's Code of Ethics require that such information remain confidential.

3. As a result, on February 2, 2026, the Court placed Plaintiff's original Complaint (Doc. # 1-1) and Plaintiff's Amended Complaint (Doc. # 17) under seal. (Doc. # 26).

4. Consequently, because Defendant's Amended Answer and Affirmative Defenses recites and responds to Paragraph Nos. 53 to 72, 75, 88, and 95 of Plaintiff's Amended Complaint, Defendant's Amended Answer and Affirmative Defenses also needs to be under seal.

5. Local Rule 26.2 provides that a:

> **(b) Sealing Order.** The court may for good cause shown enter an order directing that one or more documents be filed under seal. No attorney or party may file a document under seal without order of court specifying the document or portion of a document that may be filed under seal, except that a document may provisionally be filed under seal pursuant to subsection (c) below.
>
> **(c) Sealing Motion for Documents filed Electronically.** Any party wishing to file a document or portion of a document electronically under seal in connection with a motion, brief or other submission must: (1) provisionally file the document electronically under seal; (2) file electronically at the same time a public-record version of the brief, motion or other submission with only the sealed document excluded; and (3) move the court for leave to file the document under seal. The sealing motion must be filed before or simultaneously with the provisional filing of the document under seal and must be noticed for presentment promptly thereafter. Any document filed under seal without such a sealing motion may be stricken by the court without notice.

N.D. Ill. L. R. 26.2(b) & (c).

7. In short, Defendant's Amended Answer and Affirmative Defenses contain confidential and privileged/protected information and the information at issue is not public information, and good cause exists for the Court to keep it under seal.

WHEREFORE, Defendant, Chicago Board of Education, respectfully requests that this Honorable Court to seal Defendant's Amended Answer and Affirmative Defenses, and grant such other and further relief as the Court deems just and proper.

Dated: February 17, 2026

CHICAGO BOARD OF EDUCATION,
Defendant

By: /s/ David V. Cascio
David V. Cascio
One of Its Attorneys

David V. Cascio
LANER MUCHIN, LTD.
515 North State Street, Suite 2400
Chicago, IL 60654
(312) 467-9800 / (312) 467-9429 (fax)
Attorney for Defendant Chicago Board of Education

**CERTIFICATE OF SERVICE**

David V. Cascio, an attorney, hereby certifies that he caused the foregoing **Motion Seal Amended Answer and Affirmative Defenses** in the above-captioned matter to be served via the electronic filing system to the Clerk of the Court to the parties of record listed below, on this 17th day of February 2026:

Stephen F. Boulton
Anthony J. Peraica & Associates, Ltd.
5130 South Archer Avenue
Chicago IL  60632
(773) 735-1700

/s/ David V. Cascio
David V. Cascio